UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIGUO SUN, LINDA HE CHEUNG, JIA LI WANG, JIAMEI LU, JUN LIU, MAO-FU WENG, RUQIN WANG, TELI CHEN, WEIXIANG GE, SHUANG WANG, XINGYU YAN, YAN GAO, YI LI, AND YING LIU,<br><br>    Plaintiffs,<br><br>v.<br><br>GTV MEDIA GROUP INC., SARACA MEDIA GROUP INC., WENGUI GUO (a/k/a HO WAN KWOK), VOICE OF GUO MEDIA, INC., AND LIHONG WEI LAFRENZ (a/k/a "SARA", a/k/a LIHONG WEI)<br><br>    Defendants. | Civil Action No.: 1:21-cv-04529 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUBSTITUTE SERVICE ON
DEFENDANTS LIHONG WEI LAFRENZ AND VOICE OF GUO MEDIA, INC.**

  Plaintiffs Weiguo Sun, Linda He Cheung, Jia Li Wang, Jiamei Lu, Jun Liu, Mao-Fu Weng, RuQin Wang, Teli Chen, Weixiang Ge, Shuang Wang, Xingyu Yan, Yan Gao, Yi Li, and Ying Liu, by and through their undersigned counsel, in the above-captioned action against Defendants GTV Media Group, Inc. ("GTV"), Saraca Media Group Inc. ("Saraca"), Wengui Guo ("Guo"), Voice of Guo Media, Inc." ("VOG"), and Lihong Wei Lafrenz ("Lafrenz") (collectively, "Defendants"), respectfully move this Court for an order approving a substitute method of service pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1) and pursuant to New York State Civil Practice Law and Rules 308(5), 311(b), and 316(a) for purposes of serving the Summons and Complaint against Defendants VOG and Lafrenz, and state as follows:

## PRELIMINARY STATEMENT

Plaintiffs' commenced this action on May 19, 2021 to recover funds they transferred to Defendants in reliance upon Defendants' untrue and materially misleading statements concerning a sale of securities in Defendant GTV, a securities offering that was not registered with the United States Securities and Exchange Commission in violation of the Securities Act of 1933 (15 U.S.C. § 77 *et seq.*). Plaintiffs duly served the Summons and Complaint on Defendants Guo, GTV, and Saraca on May 25, 2021 (Dkts. 12-14). Despite diligent efforts, Plaintiffs have been unable to locate and serve the Summons and Complaint on Defendants VOG and Lafrenz. Federal Rule of Civil Procedure 4(e)(1) authorizes service of process on an individual pursuant to the law of the state in which the district court is located and Rule 4(h)(1) authorizes the same methods of service on corporations. Because Plaintiffs have been unable to complete service on Defendants VOG and Lafrenz by other methods authorized under Rule 4 and by the New York State Civil Practice Law and Rules, Plaintiffs respectfully request an order approving substitute service of the Summons and Complaint on Defendants VOG and Lafrenz by email delivery and Discord[1] messaging delivery to Defendant Lafrenz, individually and as the registered agent of VOG, pursuant to CPLR §§ 308(5) and 311(b) or, alternatively, permitting service by publication pursuant to CPLR § 316, and, in any case, extending Plaintiffs' time to complete service pursuant to Federal Rule of Civil Procedure 4(m).

---

[1] Discord is a "[voice over internet protocol] instant messaging and digital distribution platform designed for creating communities. Users communicate with voice calls, video calls, text messaging, media and files in private chats or as part of communities called 'servers.' Servers are a collection of persistent chat rooms and voice chat channels." Wikipedia, "Discord (Software)" https://en.wikipedia.org/wiki/Discord_(software) (last accessed July 7, 2021).

**RELEVANT BACKGROUND**

Plaintiffs' commenced this action on May 19, 2021 and electronic summonses were issued for Defendants Lafrenz and VOG on May 20, 2021. *See* Dkts. 1, 8-9. Plaintiffs are required to serve Lafrenz and VOG by no later than August 17, 2021 pursuant to Federal Rule of Civil Procedure 4(m), absent an extension from the Court. The summons issued for Lafrenz lists two addresses for Lafrenz which Plaintiffs believed to be her dwelling place and usual place of abode, 1673 W Blue Horizon Street, Tucson, Arizona 85704, or her actual place of business, 1850 W Orange Grove Road, Tucson, Arizona 85704. *See* Dkt. 8. The summons issued for VOG lists one address for VOG, which Plaintiffs retrieved from VOG's current corporate records on file with the Arizona Corporation Commission, and which Plaintiffs believed to be VOG's actual place of business, 14747 N Northsight Boulevard, Suite 111#405, Scottsdale, Arizona 85260. *See* Dkt. 9; Declaration of Brian Lanciault ("Lanciault Decl.") Ex. B.

*Unsuccessful Service on Lafrenz*

Plaintiffs retained process server Eric Hahn to complete service on Lafrenz. Mr. Hahn first attempted service on Lafrenz's dwelling place on May 22, 2021 at 8:05 AM and there was no answer. *Id.* at Ex. A. Mr. Hahn reported at that time there was a "For Sale" sign posted in the front yard. *Id.* Mr. Hahn attempted service at that address again on May 24, 2021 at 12:30 PM and there was no answer. *Id.* Mr. Hahn reported that he spoke with a neighbor who informed him that the home had been vacant. *Id.*

Plaintiffs conducted a search for additional addresses associated with Lafrenz using LexisNexis and identified two addresses: (1) 6700 North Oracle Road, #412, Tucson, Arizona 85704, and (2) 5123 N. 43rd Place, Phoenix, Arizona 85018. *Id.* ¶ 6. Plaintiffs retained Mr. Hahn to attempt service at the first address. Mr. Hahn attempted service on May 25, 2021 at 6:30 PM

and discovered that the address was a business complex that was closed at that time. *Id.* Ex. A. Mr. Hahn attempted service on May 26, 2021 at 1:00 PM and discovered that the business at the address was a waiting room for another business, AMI Behavioral Health Service LLC that had no knowledge of Lafrenz. *Id.* Plaintiffs retained process server Cheryl Anderson to attempt service on the second address. *Id.* Ms. Anderson attempted service on May 27, 2021 at 2:31 PM and discovered that the residence was an AirBnB that was rented to a couple from out of town. *Id.* The couple informed Ms. Anderson that they had no knowledge of Lafrenz. *Id.*

### *Unsuccessful Service on VOG*

Plaintiffs retained process server Cheryl Anderson to attempt service at VOG's corporate address, 14747 N Northsight Boulevard, Suite 111#405, Scottsdale, Arizona 85260. Ms. Anderson attempted service on May 24, 2021 at 1:45 PM and discovered that the address was a UPS mailbox store. *Id.* The location was for mail delivery only and none of VOG's agents, officers, or directors were present to accept service. *Id.*

Plaintiffs next attempted to serve VOG at one of the addresses associated with Lafrenz because Lafrenz is VOG's registered agent according to VOG's current corporate records on file with the Arizona Corporation Commission. Plaintiffs' process servers were unable to complete service on VOG at those addresses because Lafrenz was not present and/or the addresses were for other businesses that had no knowledge of Lafrenz or VOG. *Id.*

### *Plaintiffs' Rule 4(d) Waiver Request*

Having been unable to complete service on either Lafrenz or VOG at their last known addresses, Plaintiffs attempted to obtain a waiver of service from VOG and Lafrenz pursuant to Federal Rule of Civil Procedure 4(d). Plaintiffs conducted additional research and obtained a copy of a pleading filed by Keith Beauchamp of the law firm Coppersmith Brockelman PLC on behalf

of VOG in an action pending in Pima County Consolidated Justice Court, Pima County, Arizona, Case Number: CV21-005503-RC. *Id.* ¶ 7 & Ex. C. Plaintiffs also identified a videorecording of a Discord voice chat in which Lafrenz identified Mr. Beauchamp as her attorney and displayed a photograph of a pleading showing Mr. Beauchamp's address. *Id.* ¶¶ 8-9.

On June 2, 2021, undersigned counsel sent a letter to Mr. Beauchamp, purportedly Lafrenz's attorney, enclosing two copies each of a Waiver of Service for Lafrenz and VOG, the Complaint, and a prepaid self-addressed FedEx envelope for return of the executed waiver. *Id.* ¶ 10. The letter was sent by email and FedEx overnight delivery. *Id.* Plaintiffs also sent a letter to VOG's business address, enclosing two copies of a Waiver of Service for VOG, the Complaint, and a prepaid self-addressed FedEx envelope for return of the executed waiver. Lanciault Decl. *Id.* ¶ 11. The letter was sent by FedEx overnight delivery. *Id.*

The waiver request letters were confirmed delivered by FedEx on June 3, 2021. *Id.* ¶ 12 & Ex. D. On June 14, 2021, undersigned counsel called Mr. Beauchamp's office to confirm receipt of the waiver request letter; Mr. Beauchamp was unavailable and did not return counsel's call. *Id.* ¶ 13. On June 15, 2021, undersigned counsel sent Mr. Beauchamp an email requesting confirmation of his receipt of the waiver request letter; other than an automated out-of-office reply message, he has not responded. *Id.* ¶ 14. Lafrenz and VOG's responses to the waiver request letters were due by July 2. *See id.* Ex. D. To date, Plaintiffs have received no response. *See id.* ¶ 15.

## ARGUMENT

I. **Applicable Law**

Federal Rule of Civil Procedure 4(e)(1) provides that service of a summons on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

made." Fed. R. Civ. P. 4(e)(1). Rule 4(h)(1)(A) provides that service of a summons on a corporation may be completed "in the manner prescribed in Rule 4(e)(1) for serving an individual," *i.e.*, by following the law of the state where the district court is located."

This action is pending in the United States District Court for the Southern District of New York and, as such, the New York State Civil Practice Law and Rules provide the means for completing serving of a summons. Under CPLR 308, as relevant here, service on an individual may be accomplished by: (1) delivering the summons to the person to be served; (2) delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence … or actual place of business"; (3) "where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode" and "by either mailing the summons to the person to be served at his or her last known residence … or actual place of business." N.Y.S. CPLR § 308(1)-(2), (4). CPLR 308(5) provides, however, that service may be made "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y.S. CPLR § 308(5). CPLR 311(a)(1) provides that service upon a corporation may be made by delivering the summons to "an officer, director, managing or general agent … or to any other agent authorized by appointment or by law to receive service." N.Y.S. CPLR § 311(a)(1). CPLR 311(b) provides that if service "is impracticable under paragraph one of subdivision (a) of this section or any other law, "service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs." N.Y.S. CPLR § 311(b).

Courts routinely permit substitute service by email pursuant to CPLR 308(5) or 311(b) after a party has been unable to successfully serve a defendant by personal delivery or mailing in accordance with CPLR 308(1)-(2), (4) or 311(a)(1). *See, e.g.*, *Hybrid Capital Grp., LLC v. Padell*, No. 17-cv-6343 (KPF), 2018 U.S. Dist. LEXIS 76062, at *2 (S.D.N.Y. May 2) (collecting cases); *Abshier v. Sunset Recordings, Inc.*, No. 14-cv-3227 (CM) (SN), 2014 U.S. Dist. LEXIS 119742, at *17-18 (S.D.N.Y. Aug. 5); *Tishman v. AP*, No. 05-cv-4278 (GEL), 2006 U.S. Dist. LEXIS 4622, at *3-4 (S.D.N.Y. Feb. 1) (collecting New York State cases). A party need only show that other methods of service are "impracticable" and need not "make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Tishman*, 2006 U.S. Dist. LEXIS 4622, at *2 (quoting *Astrologo v. Serra*, 240 A.D.2d 606, 659 N.Y.S.2d 481, 481-82 (N.Y. App. Div. 2d Dep't 1997).

In addition to the substitute service permitted under CPLR 308(5) and 311(b), CPLR 316 permits service by publication:

> An order for service of a summons by publication shall direct that the summons be published together with the notice to the defendant, a brief statement of the nature of the action and the relief sought … in two newspapers … designated in the order as most likely to give notice to the person to be served."

N.Y.S. CPLR § 316(a).

**II.     Substitute Service is Proper**

Plaintiffs have been unable to complete service on Lafrenz or VOG at any of the addresses Plaintiffs have found to be associated with the Defendants. Plaintiffs attempted to deliver the Summons and Complaint to Lafrenz, both individually and as the registered agent for VOG, on multiple occasions at multiple locations. *See* Lanciault Decl. Ex. A. In each instance, Plaintiffs' process servers discovered either that Lafrenz was no longer associated with the address or was not known to be associated with the address by persons at the location. *See id.* Moreover, VOG's

address on file with the Arizona Corporation Commission is merely a UPS mailbox and not a business address. *See id.* Further, Plaintiffs attempted in good faith to obtain a waiver of service from Lafrenz and VOG through Lafrenz's purported counsel, Keith Beauchamp pursuant to Rule 4(d), but neither Lafrenz nor VOG responded. *See id.* ¶¶ 10-15 & Ex. D. [2] A videorecording posted on YouTube on June 2, 2021, however, indicates that Lafrenz did receive the Complaint that was emailed to Mr. Beauchamp in connection with Plaintiffs' Rule 4(d) waiver request but failed to respond. *See id.* ¶ 9(c).

Plaintiffs have not simply failed to locate and serve Lafrenz and VOG. Rather, it appears from Lafrenz' activity on Discord that she is aware that investors have begun filing lawsuits against her, that she is aware of this lawsuit, that she received a copy of the Complaint that was sent in connection with a Rule 4(d) waiver request, and that she is apparently evading service. *See id.* ¶¶ 9-15 & Ex. D. Indeed, her failure to respond to Plaintiffs' Rule 4(d) waiver request despite receiving it supports the conclusion that she is evading service, as does VOG's use of a UPS mailbox as a business address. *See, e.g.*, *Lewis v. Madej*, No. 15-cv-2676 (DLC), 2015 U.S. Dist. LEXIS 144384, at *5, *26-27 (S.D.N.Y. Oct. 23) ("it appears that the [sic] Madej is evading service" where, among other things, she provided an address "that she resides and does business in [as] 'Suite 94' at an address in London. The address is a post office box at a Mailboxes, Etc. retail location.")

Given Plaintiffs' repeated attempts to serve Lafrenz and VOG in accordance with the other provisions of CPLR 308 and 311, Plaintiff's attempts to obtain a Rule 4(d) waiver, Defendants' failure to respond, and that none of the Defendants' known addresses appear to be active or actually

---

[2] Plaintiffs expressly reserve their right pursuant to Rule 4(d)(2) to charge Defendants Lafrenz and VOG for Plaintiffs' expenses incurred in making service following their waiver request and for the reasonable expenses, including attorney's fees, incurred in connection with any motion required to collect such expenses of service. Fed. R. Civ. P. 4(d)(2)(A)-(B).

associated with Defendants, it is appropriate for the Court to authorize Plaintiffs to serve Lafrenz, individually and as the registered agent for VOG, by email. *See Hybrid Capital Grp.*, 2018 U.S. Dist. LEXIS 76062, at *2 (authorizing service by email); *Tishman*, 2006 U.S. Dist. LEXIS 4622, at *3-4 (same). Plaintiffs are aware of several email addresses used by Lafrenz through which Plaintiffs communicated with Lafrenz, including by sending information relevant to their investments in GTV prior to commencement of this action, and which otherwise appear to be active. *See* Lanciault Decl. ¶ 17. Plaintiffs request that service be authorized for those email addresses.

Plaintiffs further request permission to serve the Summons and Complaint by message transmitted to Lafrenz via Discord, a messaging application on which Lafrenz is presently active and is thus likely to receive actual notice of this action. *See, e.g.*, *id.* ¶ 9(b)-(c). Although Plaintiffs are not aware of any court that has authorized service via Discord, this method is functionally indistinct from emailing documents as it permits a user to attach a file to a message and send it directly to another user. *See* Discord, Discord Basics: Sending Messages, URL (last accessed July 7, 2021).[3] This method is also not dissimilar from other internet-based messaging service methods authorized by other courts. *See, e.g.*, *FTC v. PCCare247 Inc.*, No. 12-cv-7189 (PAE), 2013 U.S. Dist. LEXIS 31969, at *12-16 (S.D.N.Y. Mar. 7) (permitting service by email and Facebook message, noting that service by Facebook is "reasonably calculated to provide defendants with notice" where the plaintiff would "send a Facebook message, which is not unlike an email, to the Facebook account of each individual defendant, attaching the relevant documents"); *Ferrarese v. Shaw*, 164 F. Supp.3d 361, 367-68 (E.D.N.Y. 2016) (authorizing service by email and Facebook

---

[3] Plaintiffs have intentionally abbreviated the web address URL for this article for brevity.

message) *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084, at *10-12 (E.D. Va. Feb. 20) (same).

In *FTC*, this Court observed that service by email and Facebook message was appropriate where the plaintiff had "set forth facts that supply ample reason for confidence that the Facebook accounts identified are actually operated by defendants." *FTC*, 2013 U.S. Dist. LEXIS 31969, at *15-16. Here, Plaintiffs have set forth ample facts, including screenshots of Lafrenz's Discord username and video recordings of her voice messages showing that she is both active and accessible through Discord (and aware that this action is pending). *See* Lanciault Decl. ¶¶ 9, 18-19 & Ex. E.

In short, Plaintiffs request permission to serve Lafrenz and VOG by delivery of the Summonses and Complaint to Lafrenz via both email and Discord, with such service deemed effective upon delivery to Lafrenz.

### III. Alternatively, Plaintiffs Request Permission to Complete Service by Publication

As an alternative to the proposed email and Discord method of service, Plaintiffs request an order pursuant to CPLR 316 authorizing service by publication in two newspapers in Arizona that are most likely to give notice of this action to Lafrenz and VOG. *See, e.g.*, *Rice Corp. v. Express Sea Transp. Corp.*, No. 13-cv-43 (WHP), 2013 U.S. Dist. LEXIS 105045, at *6-7 (S.D.N.Y. July 8) (authorizing service by publication under CPLR 316 after plaintiff made "reasonable attempts" to serve defendant; citing cases). However, because service by publication is not deemed complete pursuant to CPLR 316(c) until "the twenty-eighth day after the day of first publication,"

### IV. An Extension Pursuant to Rule 4(m) is Proper

Federal Rule of Civil Procedure 4(m) permits the court to extend the time to complete service where the plaintiff shows "good cause" for its failure to complete service in the time allotted. Fed. R. Civ. P. 4(m). Good cause exists where plaintiff demonstrates that it has undertaken reasonable efforts to complete service and exercised due diligence, or where the defendant appears to be evading service, and plaintiff could not timely serve the defendant. *See Lewis*, 2015 U.S. Dist. LEXIS 144384, at *26 (granting extension under Rule 4(m) where one defendant was "evading service" and "despite diligent efforts, the plaintiffs have been unable to locate" another defendant). Given Plaintiffs' efforts to serve Lafrenz and VOG outlined herein, as well as the evidence that Lafrenz is aware of this lawsuit but evading service (*see* Lanciault Decl. ¶¶ 9-15 & Ex. D), there is good cause for Plaintiffs' failure to timely serve Lafrenz and VOG and an extension is warranted. *See Lewis*, 2015 U.S. Dist. LEXIS 144384, at *26.

### CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter an order authorizing substitute service of the Summons and Complaint on Defendants Lafrenz and VOG by email delivery and the Discord platform, and by publication, pursuant to CPLR 316, an extension of time for plaintiffs to complete service pursuant to Rule 4(m), and for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>July 12, 2021 | **THOMPSON HINE LLP** |
| | By: /s/Brian P. Lanciault, Jr.<br>Brian P. Lanciault, Jr.<br>Mendy Piekarski<br>335 Madison Avenue, 12th Floor<br>New York, NY 10017<br>Telephone:  212.344.5680<br>Facsimile:  212.344.6101<br>Mendy.Piekarski@thompsonhine.com<br>Brian.Lanciault@thompsonhine.com<br><br>Steven A. Block (*pro hac vice*)<br>20 N. Clark St., Suite 3200<br>Chicago, IL 60602<br>Telephone:  312.998.4240<br>Facsimile:  312.998.4245<br>Steven.Block@thompsonhine.com<br><br>*Attorneys for Plaintiffs* |