UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                       :
WEIGUO SUN et al.,                                             :
                                  Plaintiffs,    :
                                                          :      21 Civ. 4529 (LGS)
                 -against-                   :
                                                          :      **<u>ORDER</u>**
GTV MEDIA GROUP, INC. et al.,            :
                                  Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiffs in this securities fraud case request (1) that they be permitted to effect substitute service on defendants Voice of Guo Media, Inc. ("VOG"), an Arizona corporation, and Lihong Wei Lafrenz ("Lafrenz") (collectively, "Defendants") and (2) an extension of the deadline for service (Dkt. No. 20). Lafrenz is VOG's registered agent for service pursuant to records maintained by the Arizona Corporation Commission.

       WHEREAS, Plaintiffs have made multiple attempts to serve Defendants by mail and in-person but have discovered that Defendants are not present at their posted addresses. Plaintiffs represent that Lafrenz has indicated her awareness of Plaintiffs' Complaint in online video discussions on the Internet messaging service Discord. Discord permits delivery of documents alongside written messages, as well as real-time voice and video chat.[1] Discord users are identified by usernames preceded by an "@" sign and followed a "tag" consisting of a "#" sign and a series of numbers.[2]

---

[1] *See, e.g.*, *Sending Messages*, Discord, https://support.discord.com/hc/en-us/articles/360034632292-Sending-Messages (last visited July 13, 2021).
[2] *See, e.g.*, *Custom Discord Tags with Nitro*, Discord, https://support.discord.com/hc/en-us/articles/360000270351-Custom-Discord-Tags-with-Nitro (last visited July 13, 2021).

WHEREAS, pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A), the New York State Civil Practice Law and Rules ("CPLR") govern service of summons in this action. CPLR § 308(5) permits service upon an individual "in such manner as the court, upon motion without notice, directs, if service is impracticable [by mail, personal delivery or posting]." CPLR § 311(b) permits service upon a corporation in such manner as the court directs if service by personal delivery is impracticable. "Though the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of due diligence under [N.Y] C.P.L.R. § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Kesten v. Broad. Music, Inc.*, No. 20 Civ. 8909, 2021 WL 1740806, at *1 (S.D.N.Y. Mar. 3, 2021) (internal quotation marks omitted) (alteration in original).

WHEREAS, "[d]ue process requires that service be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Appel v. Hayut*, No. 20 Civ. 6265, 2021 WL 2689059, at *6 (S.D.N.Y. June 30, 2021) (internal quotation marks omitted). "[A]s a general matter, in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (internal quotation marks omitted) (alteration in original) (collecting cases). Plaintiffs assert that they have successfully communicated with Defendants via several email addresses, which have been active in the past year: sarawei808@gmail.com, help@vog.media, duizhang@vog.media and vog202064@gmail.com. Defendants are likely to receive Plaintiffs' Complaint and summons via email to these addresses.

WHEREAS, courts have permitted substitute service via Internet messaging platforms, such as Facebook, that permit documents to be transmitted alongside written messages in a manner functionally identical to email. *See, e.g.*, *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *4-5 (S.D.N.Y. Mar. 7) (noting that service by Facebook was "reasonably calculated to provide defendants with notice" where the plaintiff would "send a Facebook message, which is not unlike an email, to the Facebook account of each individual defendant, attaching the relevant documents"). Courts have also noted that substitute service exclusively through such services, particularly where there is an "absence of concrete evidence demonstrating regular use and the identity of the [service] user - raises significant due process concerns." *Doe v. Hyassat*, 337 F.R.D. 12, 16 (S.D.N.Y. 2020). Where there is evidence that the account at issue is "regularly used and maintained by the defendant," courts have permitted "backstop" service via Internet messaging platforms alongside other methods of service, such as email. *See id.* (collecting cases).

WHEREAS, Plaintiffs assert that Lafrenz is active on Discord under the identifier @sara. This information appears incomplete, because, as described above, Discord identifiers consist of the "@" character, a username, the "#" character and a set of digits. Plaintiffs' supporting affidavit asserts that Lafrenz operates the "@sara" account, because that account (1) communicated with Plaintiffs regarding allegedly-fraudulent investments in May of 2020 and (2) participated in video chats in March, May and July of 2021, where the speaker expressed knowledge of Plaintiffs' suit. In relevant part, those videos portray a video of the Discord client program with an individual speaking over voice chat. At certain points in those videos, the Discord user clicks on a participant with the identifier @Sara and the tag "#0821." Plaintiffs do not provide any evidence that the speaker is Lafrenz, or that the @Sara#0821 participant

3

highlighted is Lafrenz or the speaker.  Mindful that "anyone can make a [Discord] profile using real, fake, or incomplete information, and thus, there is no way for the Court to confirm whether the [Discord profile alone] . . . is in fact the . . . [d]efendant to be served," *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608, 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012), Plaintiffs have not provided evidence showing that Lafrenz communicated using the @Sara#0821 Discord identifier in the March, June and July videos.  Nor does the Discord message Plaintiffs assert Lafrenz sent in March 2020 demonstrate that Lafrenz regularly uses or maintains the account associated with that identifier.  Plaintiffs have not established that Lafrenz is likely to receive the summons and Complaint via message to that identifier.

WHEREAS, Defendants alternatively request permission to complete service by newspaper publication.  Because service by newspaper is effective only 28 days after first publication, Plaintiffs also request an extension of the August 17, 2021, service deadline for Defendants, claiming they have diligently sought to effect service and have demonstrated good cause for their delay.  It is hereby

**ORDERED** that, pursuant to NYCPLR §§ 308(5) and 311(b), by **July 20, 2021**, Plaintiffs shall serve the summons, complaint and a copy of this Order by email to VOG and to Lafrenz, individually and as VOG's registered agent, at the following addresses:  sarawei808@gmail.com, help@vog.media, duizhang@vog.media and vog202064@gmail.com.  It is further

**ORDERED** that by **July 20, 2021**, Plaintiffs shall file proof of service by email.  It is further

**ORDERED** that Plaintiffs' requests for service by Discord message are **denied** without prejudice to renewal in the event they can provide sufficient proof that Lafrenz regularly uses and maintains the "@Sara#0821" or other Discord account.  It is further

4

**ORDERED** that Plaintiffs' alternative requests for service by newspaper publication and an extension of the service deadline are **denied** as moot.

The Clerk of Court is respectfully directed to close the docket entry at number 20.

Dated: July 15, 2021
      New York, New York

**L**ORNA **G.** S**CHOFIELD**
**U**NITED **S**TATES **D**ISTRICT **J**UDGE