# SCHULMANBHATTACHARYA

Discovery in this action is stayed
pending a decision on Defendant
Weingui Guo's motion to dismiss.

SO ORDERED.

Dated: September 28, 2021
New York, New York

September 27, 2021

**VIA ECF**

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Weiguo Sun, et al. v. GTV Media Group, Inc., et al., No. 1:21-cv-04529-LGS*
        Joint Letter Pursuant to Order Entered September 17, 2021 (Dkt. 65)

Dear Judge Schofield:

We represent Defendant Wengui Guo in the above-captioned matter and write jointly with counsel for Defendants GTV Media Group, Inc. ("GTV") and Saraca Media Group, Inc. ("Saraca") and for Plaintiffs Weiguo Sun, *et. al*.

Pursuant to Your Honor's order entered September 17, 2021, the parties now submit their respective positions on whether the automatic stay provision of the Private Securities Litigation Reform Act 15 U.S.C. § 78u-4(b)(3)(B) stays discovery as to all parties while Mr. Guo's motion to dismiss is pending.

1)  Defendants Guo, GTV and Saraca's Position:

It is the Defendants' position that the automatic stay provision of the Private Securities Litigation Reform Act of 1995 (hereafter "PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) indeed stays **all** discovery in this case pending a decision on Defendant Guo's motion to dismiss.

The PSLRA provides that in a securities fraud action, "**all discovery** and other proceedings shall be stayed during the pendency of **any** motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B) (emphasis added).  The automatic stay provision establishes "a mandatory stay on discovery pending judicial determination of the legal sufficiency of the claims." *Mori v. Saito*, 802 F. Supp. 2d 520, 523 (S.D.N.Y. 2011); *See also In re WorldCom, Inc. Securities Litig.,* 234 F.Supp.2d 301, 305 (S.D.N.Y.2002) (noting "this discovery stay provision seeks to reduce the filing of frivolous lawsuits aimed at forcing corporate defendants to settle rather than bear the costs of discovery and to preclude plaintiffs from engaging in fishing expeditions to secure facts for a sustainable claim.")

While there are some *limited* exceptions to the mandatory discovery stay, the burden to

establish that particularized discovery is **<u>necessary</u>** to preserve evidence or to prevent undue prejudice to that party is high.  A request is considered "particularized" for purposes of the PSLRA when "'it is directed at specific persons'" and "'identifies specific types of evidence that fall within its scope.'" *Fisher v. Kanas,* 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006) (quoting *In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 WL 33654141, at *4, 2000 U.S. Dist. LEXIS 11659, at *12 (D.N.H. July 27, 2000)); *see also Waldman v. Wachovia Corp.,* 2009 WL 86763, at *1 (S.D.N.Y. Jan. 12, 2009) ("[a] string of requests, even a string of individually particularized requests—is not sufficiently particularized at the outset."); *In re WorldCom, Inc. Sec. Litig.,* 234 F.Supp.2d 301, 306 (S.D.N.Y.2002) (the stay will only be lifted on a "clearly defined universe of documents").  Moreover, "[a] party alleging that discovery is necessary to preserve evidence must ... make a specific showing that the loss of evidence is imminent as opposed to merely speculative.'" *In re Vivendi Universal, S.A. Sec. Litig.,* 381 F.Supp.2d 129, 130 (S.D.N.Y.2003).  *See also Id.* at 130–31 (no "undue prejudice" absent a showing of *exceptional* circumstances that would potentially leave plaintiffs unable to recover, such as bankruptcy) (emphasis added).

Here, it is undisputed that Plaintiffs filed a Complaint on May 19, 2021 against Defendants GTV, Saraca and Guo alleging various violations of Section 5, 12(a)(1), and 15 of the Securities Act of 1933, and violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, among other allegations.  Thereafter, on July 14, 2021,  Defendant Guo filed a Pre-Motion Letter noting his intent to file a partial motion to dismiss Plaintiffs' purported claims against him for: (i) violation of Sections 5 and 15 of the Securities Act (Count II) on grounds that the Plaintiffs fail to state a claim against Mr. Guo under Sections 5 and 15 of the Securities Act because they fail to sufficiently allege that Mr. Guo controlled Defendants Saraca Media Group, Inc. ("Saraca") and GTV Media Group, Inc. ("GTV"); and (ii) unjust enrichment (Count V).

Accordingly, this litigation undoubtedly falls within the scope of 15 U.S.C. § 78u-4(b)(3)(B) mandating an automatic stay of all discovery during the pendency of **any** motion to dismiss.  *See In re Firstenergy Corp. Sec. Litig.*, 229 F.R.D. 541, 544 (N.D. Ohio 2004) (finding that Defendant's mere filing of a letter noting its intent to file a motion to dismiss in a securities action, triggered the PSLRA's automatic discovery stay.)

Further, in *Mori v. Sato*, plaintiffs brought an action pursuant to the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.,* seeking damages relating to the loss of approximately $11.4 million in an alleged fraudulent investment scheme.  *Mori v. Saito*, 802 F. Supp. 2d 520, 522 (S.D.N.Y. 2011).  After the filing of plaintiffs' amended complaint, various sets of defendants filed motions to dismiss the complaint on several grounds.  *Id.*  Plaintiffs thereafter moved to lift the automatic stay of discovery effectuated by the PSLRA, 15 U.S.C. § 78u–4(b)(3)(B), in order to issue three subpoenas.  *Id.* The Court denied the motion, stating that "[e]ven assuming, *arguendo,* that plaintiffs had made the required showing that their requests are "particularized," their motion would still fail as they have not shown that the discovery sought is "necessary to preserve evidence or to prevent undue prejudice" and the automatic stay provision would remain.  *Id*. at 525.  The Court also noted that "undue prejudice does not arise 'from a delay in the gathering of evidence or the development of settlement or litigation postures' because this 'delay is an inherent part of every

stay of discovery required by the PSLRA'" *Id.* at 526 (quoting *In re Smith Barney Transfer Agent Litig.,* 2006 WL 1738078, at \*2 (S.D.N.Y. June 26, 2006).

For the reasons set forth above, discovery as to all parties should be stayed in this matter pending a resolution of Defendant Guo's Motion to Dismiss.

> 2)     Plaintiffs' Position

It is Plaintiffs' position that though they generally agree with Defendants that the automatic stay provision of the PSLRA stays discovery in this case pending a decision on Defendant Guo's motion to dismiss, Plaintiffs are entitled to particularized discovery to prevent them undue prejudice. Specifically, such discovery would include information regarding Defendants' recent settlement with the Securities and Exchange Commission set forth in a September 13, 2021 cease and desist order. *In the Matter of GTV Media Group, Inc., Saraca Media Group, Inc., and Voice of Guo Media, Inc.*, 3-20537. Though not objecting to imposition of the automatic stay under the PSLRA, plaintiffs reserve the right to move the Court for this particularized discovery.

> 3)     Joint Statement Regarding Effect of SEC Cease and Desist Order

The parties are discussing the potential effect of the SEC Cease and Desist Order on this litigation and expect to be able to report to the Court regarding that issue by October 1, 2021.
---------------------------------------------------------------------------------------------------------------

Based on the foregoing, the parties welcome any further instruction from the Court on these issues and how best to proceed with discovery in this matter.

Dated: September 27, 2021                     Respectfully,


**THOMPSON HINE LLP**                **SCHULMAN BHATTACHARYA, LLC**

/s/Brian P. Lanciault, Jr.                    /s/ Jeffrey S. Gavenman

Brian P. Lanciault, Jr.                       Jeffrey S. Gavenman
Mendy Piekarski                               6116 Executive Blvd., Suite 425
335 Madison Avenue, 12th Floor                North Bethesda, Maryland 20852
New York, NY 10017                            T: (240) 356-8550
T: 212.344.5680                               F. (240) 356-8558
F: 212.344.6101                               jgavenman@schulmanbh.com
Brian.Lanciault@thompsonhine.com
Mendy.Piekarski@thompsonhine.com              *Attorney for Defendant Wengui Guo*

Steven A. Block (pro hac vice)                **LAWALL & MITCHELL, LLC**
20 N. Clark Street, Suite 3200
Chicago, IL 60602                             /s/ Aaron A. Mitchell
T: 312.998.4240
F: 312.998.4245                               Aaron A. Mitchell
Steven.Block@thompsonhine.com                 162 East 64th Street
                                              New York, New York 10065
                                              (973) 285-3280
                                              aaron@lmesq.com


*Attorneys for Plaintiffs*                    *Attorney for Defendants GTV Media Group,*
                                              *Inc. and Saraca Media Group, Inc.*