**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852   240.356.8550

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

December 3, 2021

**BY CM/ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Weiguo Sun, et al. v. GTV Media Group, Inc., et al.*, Case No. 1:21-cv-04529-LGS
      Damages Inquest – Plaintiffs' Proposed Findings of Fact and Conclusions of Law

Dear Judge Schofield:

      We represent Defendants Wengui Guo ("Mr. Guo"), GTV Media Group Inc. ("GTV"), and Saraca Media Group Inc. ("Saraca") (collectively, the "Non-Defaulting Defendants") in the above-captioned case, and we write on behalf of the Non-Defaulting Defendants regarding Plaintiffs' Proposed Findings of Fact and Conclusions of Law in Support of Default Judgment for Damages Against Default Defendants (the "Proposed Findings") (ECF No. 74). More specifically, we write to memorialize the Non-Defaulting Defendants' position as to the Proposed Findings—and, to the extent necessary, to preserve the Non-Defaulting Defendants' objections.

      As an initial matter, Plaintiffs' claims against the Non-Defaulting Defendants are currently stayed. On October 14, 2021, the Court granted the Joint Letter Motion to Stay Plaintiffs' claims against the Non-Defaulting Defendants while Plaintiffs pursued recovery in connection with the SEC-administered Fair Fund (ECF No. 72). That same day, the Court also granted a default judgment against Defendants Lihong Wei Lafrenz and Voice of Guo Media, Inc. (jointly, the "Default Defendants") (ECF No. 71). On October 19, 2021, the Court entered a Scheduling Order for Damages Inquest (the "Scheduling Order"), under which Plaintiffs were to file their Proposed Findings by November 15, 2021, and the Default Defendants were to file their response by December 6, 2021 (ECF No. 73). The Scheduling Order does not contemplate (or permit) any response from the Non-Defaulting Defendants. Nor are the Non-Defaulting Defendants in default.

      Even so, the Proposed Findings contain numerous references to—and ask the Court to make numerous findings against—the Non-Defaulting Defendants. By way of example only, Plaintiffs ask the Court to find that "[t]he Default Defendants engaged in a far-reaching scheme *in which they conspired with Defendants Guo, GTV, and Saraca* in New York to sell unregistered securities based on a series of materially false and misleading statements touting the unregistered offering of Defendant GTV's stock (the 'GTV Offering')" (ECF No. 74 ¶ 9) (emphasis added). Plaintiffs also request a finding that the "Default Defendants were appointed by New York-based Defendants Guo, GTV, and Saraca, to act as agents to facilitate the GTV Offering." *Id.* ¶ 13. In addition, Plaintiffs ask the Court to find that the Non-Defaulting Defendants received millions of

**SCHULMANBHATTACHARYA**

December 3, 2021
Page | 2

dollars related to the GTV Offering, including Plaintiffs' funds. *Id*. ¶¶ 21, 22, 34. All of these Proposed Findings are objectionable to the Non-Defaulting Defendants.[1]

Plainly, no findings are warranted against the actively litigating Non-Defaulting Defendants, as the Non-Defaulting Defendants are not in default. Further, any findings entered against the Default Defendants would have no bearing on the Non-Defaulting Defendants as a matter of law. *See, e.g., Donohue v. Global Home Loans & Finance Inc.*, No. 1:05-cv-8362 (RJS), 2010 WL 11586675, at *1 (S.D.N.Y. Jan. 13, 2010) (finding that default judgment entered against one defendant did not operate as an admission against a co-defendant actively defending against the litigation); *The Mary*, 13 U.S. (9 Cranch) 126, 143 (1815) (Marshall, C.J.) ("In the same cause, a fact, not controverted by one party, who does not appear, and therefore, as to him taken for confessed, ought not, on that implied admission, to be brought to bear upon another who does appear, does controversy, and does disprove it."); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992) ("a default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim"); *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019) (holding that liability determination against defaulting party has no bearing on actively litigating co-defendants). Accordingly, although the Non-Defaulting Defendants find many of the Proposed Findings objectionable, they do not believe that there is any need for them to submit objections to the Proposed Findings. As noted above, the Scheduling Order also does not permit the Non-Defaulting Defendants to submit such objections.

As a result, the Non-Defaulting Defendants submit this letter for the limited purpose of stating their position and preserving their objections. To the extent the Court determines that a full response from the Non-Defaulting Defendants is necessary or desirable, the Non-Defaulting Defendants respectfully request that the Court set a briefing schedule to permit such response.

Respectfully,

/s/ Jeffrey S. Gavenman                                   /s/ Aaron A. Mitchell
Jeffrey S. Gavenman                                        Aaron A. Mitchell

*Counsel for Defendant Wengui Guo*                *Counsel for Defendants GTV Media Group, Inc. and Saraca Media Group, Inc.*

Cc:    Counsel of Record (via CM/ECF)

---

[1] These examples are solely examples, not an exhaustive list of the Proposed Findings to which the Non-Defaulting Defendants object. Should the Court desire or require the Non-Defaulting Defendants to file a full response to the Proposed Findings, the Non-Defaulting Defendants expressly reserve the right to object to additional Proposed Findings not listed herein.