UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEIGUO SUN, et al.,<br><br>       Plaintiffs,<br><br>-against-<br><br>GTV MEDIA GROUP INC., et al.,<br><br>       Defendants. | 21-cv-4529 (AS)<br><br>ORDER OF DISMISSAL |

ARUN SUBRAMANIAN, United States District Judge:

  In May 2021, Plaintiffs filed this securities-fraud suit. Dkt. 1. Half the defendants have appeared. Plaintiffs sought and received a default judgment against the non-appearing defendants, which was later vacated pending resolution of the claims against the appearing defendants. Dkts. 44, 71, 90, 97. Two of the appearing defendants answered the complaint. Dkts. 26–27. The other appearing defendant filed a motion to dismiss, but the case was stayed before an opposition or reply brief was filed. Dkts. 68, 72.

  While the case was stayed, Plaintiffs submitted letters to the SEC's "Fair Fund" administrator. Dkt. 110. Plaintiffs say they recovered more than 90% of their losses through the Fund. Plaintiffs now submit this unopposed motion to dismiss the action without prejudice under Rule 41(a)(2). Dkt. 113.

  On a Rule 41(a)(2) motion, a court shall weigh "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006).

Here, these factors favor dismissal. Plaintiffs brought the motion just a few weeks after recovering from the Fair Fund, and neither discovery nor motion practice had proceeded far before the case was stayed. Given Plaintiffs' substantial recovery, relitigation seems unlikely, and the duplicative costs would be insubstantial anyway. At bottom, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y.), aff'd, 125 F.3d 845 (2d Cir. 1997). There is no evidence that there will be any prejudice here—the appearing defendants do not even oppose the motion.

For these reasons, the motion to dismiss without prejudice is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 8, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge